**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 18-2026**

---

CARLOS MANOTAS; JACQUELINE MANOTAS,

               Plaintiffs – Appellants,

v.

OCWEN LOAN SERVICING, LLC; ONEWEST BANK, a division of CIT Bank, N.A.; U.S. BANK, N.A., as Trustee for Structured Adjustable Rate Mortgage Loan Trust Mortgage Pass-Through Certificates, Series 2006-4,

               Defendants – Appellees.

---

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Leonie M. Brinkema, District Judge.  (1:17-cv-01223-LMB-JFA)

---

Argued:  October 30, 2019                     Decided:  December 9, 2019

---

Before AGEE, THACKER, and QUATTLEBAUM, Circuit Judges.

---

Affirmed by unpublished opinion. Judge Quattlebaum wrote the opinion, in which Judge Agee and Judge Thacker joined.

---

**ARGUED:**  Henry Woods McLaughlin III, LAW OFFICE OF HENRY MCLAUGHLIN, P.C., Richmond, Virginia, for Appellants.  John Curtis Lynch, TROUTMAN SANDERS, LLP, Virginia Beach, Virginia, for Appellees.  **ON BRIEF:**  Gregory Bryl, BRYL LAW OFFICES, Washington, D.C., for Appellants.   Andrew B. Pittman, Allison Melton, TROUTMAN SANDERS LLP, Virginia Beach, Virginia, for Appellees.

---

Unpublished opinions are not binding precedent in this circuit.

QUATTLEBAUM, Circuit Judge:

This case involves a nearly decade-long dispute over the home mortgage loan of Carlos and Jacqueline Manotas. In 2006, the Manotases refinanced a prior mortgage on their home. The Manotases made regular monthly payments on the mortgage for approximately three years, but defaulted on the mortgage in August 2009. Over eight years later, the Manotases sued the mortgage lender, servicer and trustee alleging multiple claims, including claims for breach of contract and for declaratory and injunctive relief. The district court dismissed their claims, concluding in part that the claims were barred by the statute of limitations. Because we agree that the statute of limitations bars the Manotases' claims, we affirm the judgment of the district court.

I.

In January 2006, the Manotases entered into a mortgage loan to refinance their home. In connection with the mortgage loan, Carlos Manotas signed a promissory note and deed of trust (collectively "mortgage loan contract"). According to the terms of the promissory note, Manotas agreed to make monthly mortgage payments to the mortgage loan lender, IndyMac Bank, F.S.B. ("IndyMac"). If Manotas failed to make a payment, he would be in default under the terms of the note. Once Manotas was in default, IndyMac could require him to immediately pay the full amount of principal owed and interest. Before doing so, IndyMac was required to send a written notice stating that if Manotas did not pay the overdue amount by a certain date, IndyMac could require the immediate payment of the full outstanding amount due.

Manotas also signed a deed of trust in connection with the mortgage loan. Smart Choice Settlements was named as the trustee in the recorded deed of trust. The deed of trust contained a notice provision similar to the notice provision in the promissory note, requiring IndyMac to notify Manotas prior to acceleration. It stated:

> Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under Section 18 unless Applicable Law provides otherwise). The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the power of sale and any other remedies permitted by Applicable Law.

J.A. 70.

The Manotases made timely payments on the mortgage from 2006 through July 2009 to IndyMac and IndyMac's successor, OneWest Bank ("OneWest"). In August 2009, the Manotases, allegedly in reliance on OneWest's advice and representations, deliberately defaulted on the mortgage in an attempt to secure a loan modification from OneWest. Following the default, OneWest offered Manotas a Trial Period Plan ("TPP") under the Home Affordable Modification Program ("HAMP") that promised to reduce the regular monthly payments and to permanently modify the loan if Manotas made three timely TPP payments and otherwise qualified for the program. Despite making twelve timely TPP payments, OneWest denied the modification in August and November 2010.

Beginning in September and October 2010, OneWest sent Carlos Manotas a series of pre-acceleration notices. A notice from September 2010 described Manotas' right to cure his default after acceleration as follows: "You may, if required by law, have the right to cure your default after the acceleration." J.A. 203.

In March 2011, OneWest indicated that Manotas might be eligible for a second TPP if he made three timely payments, starting on March 25, 2011. Manotas accepted the offer by returning an enclosed acknowledgement and a certified check for the first payment. After not receiving a decision, Manotas made no further TPP payments.

From November 2011 until September 2017, OneWest stopped all collection activities with respect to the mortgage.[1] In September 2017, Ocwen Loan Servicing, LLC ("Ocwen"), acting as the new servicer of the mortgage loan, informed the Manotases that a foreclosure sale was scheduled for the property for November 2, 2017.

On October 8, 2017, the Manotases' counsel sent a letter to Ocwen, raising the issue of the improper denial of the HAMP modification, the incorrect loan balance due on the note, the unavailability of the foreclosure remedy under the deed of trust and the non-

---

[1] During this period of delay, there were two state court proceedings related to the mortgage. In an attempt to invalidate the deed of trust, the Manotases sued and then obtained a default judgment against Smart Choice Settlements, the original trustee, in Fairfax County Circuit Court in Virginia in November 2011. After the first state court proceeding ended, U.S. Bank, as trustee of the mortgage, sued the Manotases, claiming the default judgment did not apply to them. On November 15, 2016, the Fairfax County Circuit Court determined that the default judgment did not apply to U.S. Bank. No other issues related to the mortgage were litigated in the state court proceedings.

accrual of the power of sale under the deed of trust. On October 10, 2017, Ocwen's counsel responded to the Manotas letter, providing copies of the notice and deed of trust.

On October 25, 2017, the Manotases filed this lawsuit in the United States District Court for the Eastern District of Virginia. The Manotases later filed an amended complaint naming Ocwen, OneWest and U.S. Bank as defendants (collectively "Defendants"). The amended complaint alleged claims for breach of contract, declaratory and injunctive relief, fraud and violations of the Real Estate Settlement Procedures Act ("RESPA"). With respect to the breach of contract claims, the Manotases alleged that the Defendants breached the implied covenant of good faith and fair dealing in the mortgage loan contract. The Manotases alleged a separate claim for breach of contract based on breach of the TPP agreement, which they claim constituted a separate contract.

The Defendants subsequently moved to dismiss the amended complaint, arguing the Manotases' breach of contract claims were time barred under Virginia's five-year statute of limitations for written contracts. The Defendants also argued that the TPP was not a contract to modify the loan. In response to the Defendants' motion to dismiss, the Manotases alleged that the statute of limitations defense failed because: (1) the Defendants were estopped from raising the defense because they lulled the Manotases into inaction by not pursing enforcement of the loan contract; (2) the statute of limitations was equitably tolled; (3) the statute of limitations was inapplicable because the subject contracts were installment contracts; (4) the statute of limitations was inapplicable because the Manotases' claims were raised defensively in recoupment and setoff in response to foreclosure; and (5)

6

the statute of limitations could not bar prospective declaratory judgment claims rooted in the failure of a condition precedent.

During the argument on the Defendants' motion to dismiss, the district court determined that the Manotases' breach of contract and fraud claims were barred by the applicable statute of limitations:

> I think that all your claims in terms of contract and fraud are clearly time-barred. I'm not satisfied that any of the efforts to argue that there is equitable estoppel or inequitable conduct or anything like that, that would prevent the statute of limitations from running. These defendants were not involved in the litigation in Fairfax County. Your client, by raising some of these issues as defenses or affirmative defenses to claims, that doesn't solve the statute of limitations problem.

J.A. 316. The district court also found the Manotases failed to state a plausible claim for a RESPA violation. The district court entered an order on the same day, dismissing the Manotases' amended complaint. The Manotases filed a timely notice of appeal on August 31, 2018. This Court has jurisdiction pursuant to 28 U.S.C. § 1291.

## II.

On appeal, the Manotases argue the statute of limitations does not apply to their claims for four reasons: (1) the statute of limitations does not apply to claims for prospective relief; (2) the statute of limitations does not apply because their claims are in the nature of recoupment and setoff; (3) the statute of limitations does not apply because

the contract at issue is an installment contract; and (4) the statute of limitations does not apply because of equitable estoppel.[2]  We address each of these arguments in turn.[3]

A.

The Manotases argue that the statute of limitations does not apply because their claim for declaratory and injunctive relief is a claim for prospective relief that seeks to prevent the foreclosure sale. In advancing this argument, the Manotases attempt to distinguish a claim for declaratory and injunctive relief from a claim for breach of contract, arguing that the statute of limitations is inapplicable to a claim for declaratory and injunctive relief.

Under Virginia law, it is well established that the form of litigation does not affect the analysis of the statute of limitations. *Kappa Sigma Fraternity, Inc. v. Kappa Sigma Fraternity*, 587 S.E.2d 701, 707 (Va. 2003). Instead, "[t]he applicability of the statute of limitations is governed by the object of the litigation and the substance of the complaint, not the form in which the litigation is filed." *Id*. "If the law were otherwise, the statute of limitations could be rendered meaningless merely by the filing of a declaratory judgment action." *Board of Supervisors v. Thompson Assocs.*, 393 S.E.2d 201, 204 (Va. 1990).

---

[2] Because the Manotases have not raised their fraud or RESPA arguments on appeal, these arguments are waived or abandoned. *Belk, Inc. v. Meyer Corp., U.S.*, 679 F.3d 146, 152 n.4 (4th Cir. 2012); *Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 376 (4th Cir. 2012).

[3] A district court's grant of a motion to dismiss is reviewed de novo, accepting the complaint's well pled factual allegations as true. *Lucero v. Early*, 873 F.3d 466, 469 (4th Cir. 2017).

8

Consequently, in order to determine whether the statute of limitations applies to the Manotases' claim for declaratory and injunctive relief, it is necessary to look to "the object of the litigation and the substance of the complaint . . . ." *Kappa Sigma Fraternity, Inc.*, 587 S.E.2d at 707.

In the amended complaint, the Manotases identify two grounds for declaratory and injunctive relief. First, the Manotases argue they are entitled to declaratory and injunctive relief because the Defendants' power of sale failed to accrue. They contend the power of sale failed to accrue because a condition precedent to the power of sale—the sending of a proper pre-acceleration notice—did not occur. In Virginia, a borrower may bring suit if a lender fails to satisfy a condition precedent of the mortgage contract. If a foreclosure sale has already occurred, a borrower may bring a breach of contract claim for failure to satisfy the condition precedent. *See Bayview Loan Servicing, LLC v. Simmons*, 654 S.E.2d 898 (Va. 2008). If a foreclosure sale has yet to occur, a borrower may bring a breach of contract claim for nominal damages or a declaratory judgment action to enjoin or collaterally attack a future foreclosure sale. See *Kerns v. Wells Fargo Bank, N.A.*, 818 S.E.2d 779, 788 n.19 (Va. 2018); *Mathews v. PHH Mortgage Corp.*, 724 S.E.2d 196, 200 (Va. 2012). However, whether brought before or after a foreclosure sale, both claims are rooted in contract and are subject to Virginia's statute of limitations for breach of contract. *Kerns*, 818 S.E.2d at 787–88. As the Virginia Supreme Court explained in *Kerns*:

> If, for some reason, the foreclosure sale had taken place beyond five years from the date of accrual, Kerns still could have filed his breach of contract claims, sought nominal damages, and, if successful, established a collateral-estoppel basis for barring any future foreclosure sale that violated the contractual cure provision.

9

*Id.* In making this observation, the Virginia Supreme Court noted that a plaintiff might also bring a claim for declaratory relief in the place of a claim for nominal damages prior to a foreclosure sale. *Id.* at 788 n.19. Here, the Manotases bring such a claim for declaratory relief, and, consequently, their claim is subject to Virginia's statute of limitations for breach of contract.

Second, the Manotases argue they are entitled to declaratory and injunctive relief because the Defendants were the first to breach the mortgage contract. In Virginia, the first material breach doctrine provides that "a party who commits the first breach of a contract is not entitled to enforce the contract." *Horton v. Horton*, 487 S.E.2d 200, 203 (Va. 1997). If brought as a declaratory judgment action, the applicability of the statute of limitations to the affirmative defense depends on a "realistic assessment of the parties' litigation posture." *Agnew v. United Leasing Corp.*, 680 F. App'x 149, 154 (4th Cir. 2017) (quoting *City of St. Paul v. Evans*, 344 F.3d 1029, 1035 (9th Cir. 2003)). In *Agnew v. United Leasing Corporation*, this Court concluded that the plaintiffs' declaratory judgment claim on an affirmative defense was effectively a breach of contract claim subject to statute of limitations for breach of contract. *Id.* Here, the Manotases' claim for declaratory and injunctive relief based on the first material breach doctrine recites the same allegations as the breach of contract claim and is therefore subject to the same statute of limitations for breach of contract.

The statute of limitations for a breach of a written contract claim in Virginia is five years. Va. Code. § 8.01-246(2). At the latest, the complaint alleges that the Defendants breached the mortgage loan contract in 2011, over six years before the filing of this lawsuit.

As a result, the Manotases' claim for declaratory and injunctive relief is barred by the statute of limitations.

B.

The Manotases next argue that the statute of limitations does not apply to their claims because they are raised defensively in the nature of recoupment and setoff.[4] In Virginia, there is both a common law and statutory right to recoupment. Under the common law, recoupment is an "equitable doctrine that permits a defendant to assert a defensive claim against a plaintiff, arising from the same contract or transaction as the plaintiff's claim. . . ." *Berger v. City of North Miami, Fla.*, 820 F. Supp. 989, 991 (E.D. Va. 1993). The statutory right to recoupment is codified at Virginia Code § 8.01-422.[5] The Manotases correctly note the statutory plea of recoupment is not subject to a statute of limitations defense. *Cummings v. Fulghum*, 540 S.E.2d 494, 498 (Va. 2001).

However, the Manotases' argument misses a critical point. Both the common law and statutory rights to recoupment are ordinarily raised defensively to breach of contract claims. Va. Code § 8.01-422. After realistically assessing the litigation posture of the parties, the Manotases attempt to recharacterize their offensive claims for breach of

---

[4] The Manotases' claims are more properly considered claims for recoupment, as opposed to setoff, because they arise from the same transaction as the foreclosure. *See F.D.I.C. v. Marine Midland Realty Credit Corp.*, 17 F.3d 715, 722 (4th Cir. 1994). Whether considered to be recoupment or setoff, they are barred for the reasons outlined below.

[5] The Manotases also allege a right to recoupment under Virginia Code § 8.03A-305. This claim fails for the reasons outlined below.

contract and fraud as a defensive claim of recoupment. *See Agnew*, 680 F. App'x at 154; *Hooley v. Bank of New York Mellon*, No. 1:15-cv-13441-IT, 2016 WL 8710450, at *2 (D. Mass. Apr. 15, 2016) (rejecting an attempt to circumvent the statute of limitations by characterizing a time barred claim as defensive recoupment).[6] Consequently, the statute of limitations applies and, as discussed above, bars their claims.

C.

The Manotases also argue that the statute of limitations does not apply to their claims because their mortgage loan contract is an installment contract. However, this argument fails as well. First, "the mere fact that a particular contract splits up the required performance into separate installments does not necessarily require that the contract be treated as a divisible installment contract for purposes of determining when the applicable statute of limitations begins to run against the plaintiff's right of action." *Harvey v. Merrill Lynch Life Ins. Co.*, No. 3:11-cv-00073, 2012 WL 1155711, at *4 (W.D. Va. April 5, 2012). But even if the mortgage loan contract could be considered an installment contract, the Manotases' argument reflects a mischaracterization of Virginia law. The Manotases argue that the statute of limitations is inapplicable to installment contracts. However, installment contracts are still subject to the statute of limitations, which begin to run when installments become due. *tenBraak v. Waffle Shops, Inc*., 542 F.2d 919, 924 n.6 (4th Cir. 1976). While some courts seem to treat TPP agreements as installment contracts, they still recognize the

---

[6] The Manotases' amended complaint does not allege a separate claim for recoupment; instead, it merely characterizes its claims as defensively brought in recoupment.

bar that the statute of limitations poses to claims arising outside the limitations period. *See Wilson v. Suntrust Mortg., Inc.*, No. 3:13CV622, 2014 WL 1003745, at *4 (E.D. Va. March 13, 2014). Here, the Manotases alleged the Defendants breached the mortgage loan contract's implied covenant of good faith and fair dealing multiple times: they advised the Manotases to default on the mortgage; they failed to offer a permanent modification of the mortgage; they failed to apply the 12 TPP payments; they assessed late charges in violation of the TPP agreement; they charged arrears, interests and late fees under the mortgage loan contract; they failed to advise the Manotases that no permanent modification would be forthcoming; they procured two different copies of the promissory note; and they procured a forged original promissory note. All of these alleged breaches occurred over five years ago—in 2009, 2010 and 2011—well outside the statute of limitations period.[7]

### D.

Finally, the Manotases argue that the statute of limitations does not apply because of equitable estoppel. They contend that the Defendants are estopped from raising the statute of limitations defense because they lulled them into inaction by not pursuing enforcement of the loan contract. Virginia law recognizes "the doctrine of equitable estoppel may preclude a defendant from raising expiration of the period of limitations as a defense." *City of Bedford v. James Leffel & Co.*, 558 F.2d 216, 217–18 (4th Cir. 1977). "Elements necessary to establish equitable estoppel, absent a showing of fraud and

---

[7] To the extent the Manotases allege that the Defendants have more recently breached the mortgage loan contract by charging arrears, interests and late fees, they fail to demonstrate how these charges constitute a breach of contract.

deception, are a representation, reliance, a change of position, and detriment." *T v. T*, 224 S.E.2d 148, 152 (Va. 1976). A party's reliance on a representation must be reasonable. *City of Bedford*, 558 F.2d at 218. Here, the Manotases have failed to establish any of these elements, much less that any purported reliance on the Defendants' representations or conduct was reasonable. Therefore, the Defendants are not estopped from raising the statute of limitations.

## III.

Almost eight years after the Manotases stopped making payments on their home mortgage loan, they brought suit against their mortgage lender, servicer and trustee. Because their claims were barred by Virginia's statute of limitations, the district court correctly dismissed their claims. The judgment of the district court is

*AFFIRMED*.